IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARELL C. BOOKER, #M47921,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:20-cv-01281-SMY |
| ) | |
| **JOHN DOES, WARDEN LOVE,** ) | |
| **JANE DOES, C/O MARTIN,** ) | |
| **R. SAMALINSKI, and** ) | |
| **WARDEN THOMPSON,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darell C. Booker, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was incarcerated at Pinckneyville Correctional Center. He asserts violations of the Eighth Amendment and seeks injunctive relief[1] and monetary damages. (Doc. 1).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was injured

---

[1] In his request for relief, Plaintiff states he is seeking "immediate transfer to a correctional center of [his] choice." As Plaintiff is currently incarcerated at Pontiac Correctional Center and the alleged constitutional violations occurred at Pinckneyville Correctional Center, there does not appear to be a connection between his request for transfer and the alleged violations.

1

at Pinckneyville in early 2017 and began experiencing excruciating pain in his right shoulder. He did not tell anyone he injured his left shoulder but they performed test on his left shoulder. Plaintiff filed multiple grievances, but they disappeared as if never filed.

Plaintiff complained to sick call on multiple occasions and was told by the nurses that it might be his muscles. They did not give him an x-ray or MRI to determine whether he had a serious injury. He complained to correctional officers when he could not move his shoulder. He had to go to mental health to see a med tech but the nurse refused to evaluate him. He wrote multiple grievances but the counselors, grievance officers, and wardens disregarded his serious condition. He was given the wrong medication and suffered bad side effects.

Plaintiff was transferred to Pontiac Correctional Center on June 18, 2019. He saw a doctor months later and his shoulder was x-rayed. The doctor told him he had arthritis in his right shoulder that was causing his pain. This was approximately two and a half years after he first complained of pain to the Pinckneyville nursing staff who refused to take the proper steps to determine what was wrong with his shoulder.

## Discussion

In order to survive preliminary review under Section 1915A, a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *Id.* at 555. Further, because Plaintiff brings his claims under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014)

("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted); *see also Pepper v. Village of Oak Park*, 430 F.3d 806, 810 (7th Cir. 2005) ("[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation."). Invoking a potential defendant's name by listing that defendant in the case caption is not enough to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

Here, Plaintiff does not mention any defendant by name in his statement of claim nor does he describe what each defendant did or failed to do to violate his constitutional rights. He does not explain what role, if any, each defendant played in his medical care or the grievance process.

An allegation that a group of defendants violated a plaintiff's rights fails to comply with Rule 8. This applies equally to the Doe Defendants. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party. He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter. He is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.).

Because Plaintiff fails to allege specific acts of wrongdoing by the individual defendants, the personal involvement requirement necessary for § 1983 liability is not met and Plaintiff fails to state a claim against John Does, Warden Love, Jane Does, C/O Martin, R. Samalinski, and Warden Thompson. Accordingly, the Complaint will be dismissed and Plaintiff will be given an opportunity to re-plead his claims.

## Disposition

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A and is

**DISMISSED without prejudice** for failure to state a claim for relief**.**  Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **April 15, 2021**.  The First Amended Complaint will be subject to review under § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-01281-SMY).  Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.  To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am*., 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal will count as one of Plaintiff's three allotted "strikes" under

28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 15, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**