IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARELL C. BOOKER, #M47921,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | ) Case No. 3:20-cv-01281-SMY |
| | ) |
| **WARDEN LOVE,** | ) |
| **WARDEN THOMPSON,** | ) |
| **C/O MARTIN,** | ) |
| **R. SAMALINSKI,** | ) |
| **JOHN DOES**, *Nurses*, | ) |
| **JANE DOES**, *Nurses,* | ) |
| **JOHN DOES**, *Counselors*, | ) |
| **JANE DOES**, *Counselors,* **and** | ) |
| **WARDEN THOMPSON,** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darell C. Booker, an inmate of the Illinois Department of Corrections currently incarcerated at Pontiac Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while he was incarcerated at Pinckneyville Correctional Center. This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 15):[1] On

---

[1] Plaintiff refers to "attached" documents numerous times but there are no documents attached to the First Amended Complaint. To the extent he refers to documents attached to his original Complaint, those documents have not been considered. See (Doc. 12, p.4) ("Plaintiff must re-file any relevant exhibits he wishes the Court to consider.").

1

April 11, 2017, Plaintiff notified C/O Martin that he had major pain in his right arm and could not move it. Plaintiff asked to see a med tech but was denied. He then requested a crisis team and utilized that process to see a med tech. C/O Martin told a sergeant that Plaintiff was faking. The sergeant issued Plaintiff a disciplinary ticket for providing false information to an employee. The ticket refers to a hurt shoulder and the Warden signed off on the ticket.

Thereafter, Plaintiff submitted multiple sick calls requests. John and Jane Doe Nurses put him on medication that caused "hard" breathing and side effects. He requested an x-ray but John and Jane Doe Nurses x-rayed the wrong arm. He also requested an MRI which John and Jane Doe Nurses denied.

Plaintiff filed grievances against John and Jane Doe Nurses for refusing to diagnose and treat his injury. John and Jane Doe Counselors denied his grievances and did nothing to help him. He spoke with Warden Thompson and told him about the injury and the denial of medical treatment, but the Warden did nothing to help him. Warden Thompson and Warden Love were aware of the situation based on the grievances Plaintiff filed, which they denied; they did nothing to help him. He spoke with R. Samalinski and there is paperwork that proves he knew about Plaintiff's injury.

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action:

Count 1: Eighth Amendment claim against C/O Martin, Warden Thompson, Warden Love, John and Jane Doe Nurses, John and Jane Doe Counselors, and R. Samalinski for exhibiting deliberate indifference to Plaintiff's right arm injury and pain.

Count 2: Fourteenth Amendment claim against Warden Thompson, Warden Love, and John and Jane Doe Counselors for denying his grievances.

Count 3: Fourteenth Amendment claim for a false disciplinary ticket.

Any other claim that is mentioned in the First Amended Complaint and not addressed herein is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

**Preliminary Dismissal**

Plaintiff refers to a sergeant in his statement of claim who is not named as a defendant. Federal Rule of Civil Procedure 10(a) requires the names of all parties to be included in the case caption. Therefore, any claim intended against the sergeant cannot proceed because it fails to state a claim and is therefore dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (holding *pro se* Complaint failed to state a claim against individual mentioned in body of Complaint but not specified in the caption).

**Discussion**

**Count 1**

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Plaintiff's allegations are sufficient to proceed on an Eighth Amendment claim against C/O Martin, Warden Thompson, and Warden Love but not against any other defendant. However, the

allegation that there is paperwork with R. Samalinski's name on it that proves he knew about Plaintiff's injury is insufficient to state a claim; it fails to establish the requisite knowledge of Plaintiff's condition and deliberate indifference.

Additionally, Plaintiff's allegations are insufficient as to the John and Jane Doe Nurses. A Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), which includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). An allegation that a group of defendants violated Plaintiff's rights fails to comply with Rule 8 and *Twombly* pleading standards. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards. Further, because Plaintiff brings his claims under § 1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation"). There are no factual allegations in the First Amended Complaint to describe what each of the individual John or Jane Doe Nurses did or failed to do to violate Plaintiff's constitutional rights. Plaintiff is required to identify the John and Jane Does as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and Jane Doe # 1 did Y.). For these reasons, Plaintiff fails to state a claim against John and Jane Doe Nurses, and they will be dismissed.

The same pleading deficiencies exist with respect to the John and Jane Doe Counselors. Further, prison officials such as counselors who simply processed or reviewed grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). In other words, some personal involvement beyond the grievance

process is necessary. *Haywood v. Hathaway*, 842 F.3d 1026 (7th Cir. 2016). Plaintiff fails to state a viable claim against John and Jane Doe Counselors, and they will be dismissed.

## Count 2

Plaintiff fails to state a claim against the grievance officials for allegedly failing to investigate and/or denying his grievances. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Therefore, Count 2 will be dismissed.

## Count 3

It is not clear whether Plaintiff intended to state a claim regarding the disciplinary ticket he received, and if he did, who is associated with that claim. A due process claim under the Fourteenth Amendment is typically associated with disciplinary proceedings. To state such a claim, Plaintiff must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing this claim in the context of prison disciplinary hearings must consider (1) whether there was a protected interest at stake that necessitated due process protections and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id*. Here, Plaintiff's allegations do not suggest a due process violation in connection with the disciplinary hearing nor does he allege a protected interest was at stake. As such, Count 3 will be dismissed.

## Disposition

The First Amended Complaint survives preliminary review under 28 U.S.C. § 1915A on

the Eighth Amendment deliberate indifference to serious medical needs claim in Count 1 against C/O Martin, Warden Thompson, and Warden Love.  Counts 2 and 3 are **DISMISSED without prejudice** for failure to state a claim for relief.  Because Plaintiff fails to state a claim for relief against R. Samalinski, John and Jane Doe Nurses, and John and Jane Doe Counselors, they are **DISMISSED without prejudice** and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

The Clerk of Court shall prepare for Defendants C/O Martin, Warden Thompson, and Warden Love: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit

Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a **continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address**; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. **Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.** *See* **Fed. R. Civ. P. 41(b).**

Finally, based on the allegations in the First Amended Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

    **IT IS SO ORDERED.**

    DATED:  May 17, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and

procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.