## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DARELL C. BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-CV-1281-SMY |
| | ) | |
| LARUE LOVE, et al, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Darell C. Booker, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983. He claims Warden Larue Love, Correctional Officer Joseph Martin, and Warden Scott Thompson, were deliberately indifferent to his serious medical needs at Pinckneyville Correctional Center, in violation of the Eighth Amendment (Doc. 18).

The case is now before the Court for consideration of Defendants' Motion for Summary Judgment (Doc. 41). Booker has not responded. For the following reasons, the motion is **GRANTED**.

### Factual Background

Construed in the light most favorable to Booker, the evidence and reasonable inferences establish the following facts relevant to the pending motion: Booker has been incarcerated since 2014 (Doc. 42-1 at 12:21-23.) He served approximately two and a half years of his sentence at Pinckneyville Correctional Center (until June 2019) (*Id.* at 12:18-20; Doc. 42-7).

On April 11, 2017, Booker hurt his right shoulder while running in the Pinckneyville yard (Doc. 42-1 at 26:12-25). As Correctional Officer Martin escorted Booker back to his cell from the

yard, Booker told Martin that he needed medical attention (*Id.* at 28:2-5).  When Martin and Booker arrived at Booker's housing unit, Martin told the sergeant in the bubble that Booker needed medical attention, but that Martin did not believe that it was warranted (*Id.* at 29:3-12).  Although Martin initially told Booker that he would not be taking him to obtain medical attention, the sergeant and Martin escorted Booker to the health care unit shortly thereafter and on the same day (*Id.* at 34:1-16).   Aside from following the April 11, 2017 incident, Booker did not request any other medical care from Correctional Officer Martin (Doc. 42-1 at 35:23-25 to 36:1-2).

The outpatient progress notes indicate that Booker was seen for an alleged right shoulder injury on April 11, 2017 (Doc. 42-6, p. 1).  The medical records further show that following April 11, 2017, Booker received medical treatment on June 30, 2017, August 2, 2017, August 4, 2017, September 19, 2017, October 4, 2017, October 15, 2017, November 12, 2017, November 13, 2017, December 22, 2017, and December 27, 2017 (Doc. 42-6, pp. 1-8) but made no complaints about left shoulder pain until June 9, 2018 (Doc. 42-6, pp. 21-22).  X-rays taken of his left shoulder on June 14, 2018, and he had additional follow up treatment for his left shoulder on June 29, 2018 and July 4, 2018 (Doc. 42-6, pp. 22-24).

On June 6, 2019, Booker submitted a grievance, stating "My shoulder pain been goin [sic] on since 2017 . . . . they gave me an x-ray all it shown that was shoulder wasn't broke . . . . I haven't had an x-ray in over a year.  I feel I need all tests available…" Grievant requests to be taken seriously, blood work, x-rays and an MRI" (Doc. 42-3, pp. 1,3).  The Grievance Officer investigated and noted, "The NP [nurse practitioner] did not feel further testing was need related to this being an old injury and previous x-rays were normal" (Doc. 42-3, p. 1).  Warden "S. Thompson" signed off on the grievance on July 2, 2019 (Doc. 42-3, p. 1).

Defendant Laure Love submitted a sworn declaration, stating he was Assistant Warden of

Operations during the relevant time but did not supervise the Health Care Unit (Doc. 42-4, ¶¶ 1-2).  He did review grievances.  (*Id.*)  Defendant Scott Thompson submitted a sworn declaration, stating he was Assistant Warden, then Acting Warden during the relevant time (Doc. 42-2, ¶ 1).  He did not review grievance #1672-06-19 but had an authorized signatory review and sign it (Doc. 42-2, ¶ 6).  Love reviewed and signed grievance #1672-06-19 (Doc. 42-4, ¶ 6).  Neither Love nor Thompson had any personal recollection of Brooks (Docs. 42-2, ¶ 7; 42-4, ¶ 8).  Neither Love nor Thompson had any medical training or background (Docs. 42-2, ¶ 2; 42-4, ¶ 3).

Booker testified that he saw Defendants Warden Larue Love and Warden Scott Thompson twice in 2017 (Doc. 42-1 at 44:11-17).  He "yelled to them" as they were walking "on the wall" (*Id.* at 43:16-22).  Love and Thompson told Booker to stop "yelling on the wall" (*Id.* at 43:21-22).  Booker alleges that Love and Thompson had power as wardens to investigate his medical injuries and make his treatment a priority for health care staff at Pinckneyville (*Id.* at 45:10-25).  Instead, they signed off on his grievances without adequate investigation (*Id.*)

## Discussion

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue as to any material fact — that is where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-323 (1986).  If the evidence is merely colorable or is not sufficiently probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party.  *Lawrence v. Kenosha County,* 391 F.3d 837, 841 (7th Cir. 2004).

Prison officials violate the Eighth Amendment if they are deliberately indifferent to a serious medical need. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Chatham v. Davis,* 839 F.3d 679, 684 (7th Cir. 2016). To prevail on such a claim, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter,* 836 F.3d 722, 727-728 (7th Cir. 2016). Defendants concede that Booker suffered from an objectively serious medical condition, but contend he cannot establish that any of the defendants were deliberately indifferent to his condition.

Based on the evidence in the record, no reasonable jury could find that Defendant Martin intentionally or recklessly disregarded a risk to Booker's health. Martin immediately told the sergeant in Booker's housing unit about his health issue, and Booker was taken to the health care unit on the same day for treatment. Although Martin also told the sergeant that he did not think Booker was injured, he did not disregard Booker's condition; he took the appropriate steps to help Booker obtain treatment. *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010). Thus, he is entitled to summary judgment.

Summary judgment is warranted with respect to Booker's claims against to Defendants Warden Larue Love and Warden Scott Thompson. These defendants are non-medical officials who were entitled to defer to the judgment of prison health professionals, so long as they did not ignore the Booker's complaints. *See*, *King v. Kramer,* 680 F.3d 1013, 1018 (7th Cir. 2012). The only grievance form in the record, #1672-06-19, indicates that the grievance officer consulted with the health care unit, and the nurse practitioner thought that Motrin and muscle rub were the appropriate remedy, that further testing was not needed because previous x-rays were normal, and that Booker was instructed to lift weights and allow the injury to heal. Having reviewed this

assessment and deferred to it, Love signed off as the authorized signatory for Thompson (Docs. 42-2; 42-4).  Although Booker testified that he wrote additional grievances, he was unsure as to whether they were properly submitted and admitted that he received a response to "probably two, three, if that" (Doc. 42-1 at 21:5-21 to 22:23).  As such, there is no evidence from which a jury could conclude that Love or Thompson were deliberately indifferent to Booker's medical condition based on the grievances.  Booker also cannot establish that Love or Thompson were deliberately indifferent when he yelled at them while they conducted their walks, given that it is unclear what he said or whether they even heard him.  *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011) ("Deliberate indifference is more than negligence and approaches intentional wrongdoing").

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 41) is **GRANTED**.  As no claims remain, the Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

**DATED:  February 22, 2023**

**STACI M. YANDLE**
**United States District Judge**